### William T. Webster v. Cassandra Fisk and Another.

Under the rule which requires all assignments of error to be special, the general assignment that judgment should have been given for the plaintiff in error, instead of for the defendant in error, can not be noticed by the Court

A plaintiff in error had failed to procure a return to the writ of error in time, and made application for leave to file it and assign errors. The only special assignment was of errors occurring at the trial, and the record showed no bill of exceptions. As the errors proposed to be assigned could not be noticed by the Court, leave to file the return was denied, notwithstanding the delay was sufficiently excused.

*Heard July 5th. Decided July 11th.*

Error to Hillsdale Circuit.

The time for making return to the writ of error in this case having expired, and no return having been made,

*A. Blair,* now moved to docket and dismiss the case.

*C. Upson,* contra, presented affidavits, showing that the delay in making return was occasioned by the writ becoming mislaid in the office of the clerk, and by a misapprehension on the part of the clerk, as to the time when the return was required to be made. The return was now ready, and Mr. Upson made a counter motion for leave to file it, and assign errors. The errors proposed to be assigned were, *first:* "that the declaration aforesaid, and the matters therein contained are not sufficient in law." *Second:*

"that the judgment aforesaid by the record aforesaid, appears to have been given for the said Cassandra Fisk and Augustus G. Fisk, against the said William T. Webster," whereas it should have been given for Webster : *third* : "that the court erred in not granting to the said William T. Webster a new trial for the reasons set forth in the affidavits filed in said cause, and for the reason that the court below improperly charged the jury, in substance, that they should take into consideration in making up their verdict, the expenses which the plaintiffs below had been subjected to in doctoring, nursing and taking care of the said Cassandra Fisk during her sickness."

The record showed no bill of exceptions.

MARTIN CH. J.:

The motion to docket and dismiss must prevail. Ordinarily the reasons shown by the plaintiff in error for the delay in filing the return to the writ, would excuse such delay, and he would be permitted to file his return. And such would have been the result in the present case had not our attention been called, by both parties, to the record offered to be filed. From inspecting this, we find no bill of exceptions, and no assignment of errors which we can consider. The general assignment is invalid, and will authorize no action by the court—assignments of error being by rule 12, required to be special—and the special assignment is not of errors in the record, but of errors committed at the trial. While, as a general rule, we will not look into a record upon the consideration of motions like the one now before us, yet when it clearly appears that the plaintiff has no case in court, from defective or insufficient records and proceedings, as in the present case, we think we are not authorized to suffer any further proceedings which will only operate to delay and to create expense, when the party is fairly out of court by his own default.

The other Justices concurred.